IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Case No.: 1:25-cv-02529-SKC-CYC

AMANDA CORRALES,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A. *et al.*,

    Defendants.

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant JPMorgan Chase Bank, N.A., ("Chase"), by and through undersigned counsel, files this Reply in Support of Motion to Dismiss ("Reply"). In support, Chase states as follows.

## INTRODUCTION

Plaintiff Amanda Corrales's ("Plaintiff") Opposition to Defendant JPMorgan Chase Bank's Motion to Dismiss and Liberty Mutual's Answer to Third Amended Complaint ("Opposition") does not meaningfully respond to Chase's Motion to Dismiss ("Motion"). Instead, the Opposition ignores Chase's arguments for dismissal, defends claims not pleaded, abandons claims that have been pleaded, declines to cite the allegations of the Third Amended Complaint ("Complaint"), and invents new facts.

Most concerningly, the Opposition cites to nonexistent case law and relies on real cases for unsupported propositions. Such drivel is consistent with hallucinations

by generative artificial intelligence ("AI") models. *See Al-Hamim v. Star Hearthstone, LLC*, 564 P.3d 1117, 1123–24 (Colo. App. 2024) (noting that generative AI "can generate citations to totally fabricated court decisions bearing seemingly real party names, with seemingly real reporter, volume, and page references, and seemingly real dates of decision," and that "hallucinations can relate, in whole or in part, to the case name, case citation, and/or the content or holding of a fake case or a real judicial decision" (quotations omitted)).[1]

Courts in the District of Colorado have grappled with the abusive effects of litigants' irresponsible use of generative AI. *See, e.g.*, *Hanson v. Nest Home Lending, LLC*, No. 25-cv-02599-GPG-KAS, 2025 WL 2959293, at *3 (D. Colo. Oct. 17, 2025) ("The Court will not tolerate pleadings riddled with hallucinated citations masquerading as legitimate legal authority. This conduct undermines the integrity of the judicial process and disrespects and wastes the Court's and Defendants' time and resources."); *Berg v. United Airlines, Inc.*, No. 23-cv-01766-NYW-SBP, 2025 WL 3177804, at *3 (D. Colo. Sept. 8, 2025), *report and recommendation adopted*, 2025 WL

---

[1] In reviewing the Opposition for purposes of preparing this Reply, Chase identified eleven citations to nonexistent judicial opinions, and five citations to judicial opinions that do not support the propositions for which they are cited. For an example of the former, the Opposition cites several times to "*Reinhart v. CitiMortgage, Inc.*, No. 15-cv-00267-WYD-KLM, 2015 WL 11120838, at 4 (D. Colo. Dec. 23, 2015)." [ECF 45] at 4–5, 17. However, the Westlaw citation "2015 WL 11120838" leads to a Florida state court criminal judgment; the case number 15-cv-00267 (D. Colo.) corresponds to the case *Jenkins v. Gazelle Transportation, Inc.*; and while *Reinhart v. CitiMortgage, Inc.* appears to be a real dispute, it is No. 15-cv-01095 in the Northern District of New York. For an example of the latter, the Opposition states that *Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246 (4th Cir. 2017) "[r]ecognizes [the] continuing-violation doctrine under RESPA." [ECF 45] at 18. The *Daugherty* opinion is real, but it is an FCRA decision with no mention of RESPA or continuing violations.

3033488 (D. Colo. Oct. 30, 2025) ("AI-generated citations . . . undermine the integrity of court filings and evince a lack of diligence under Federal Rule of Civil Procedure 11(b)."). Indeed, this Court's own Standing Order for Civil Cases requires litigants to "double (and triple) check AI's work to avoid filing documents with erroneous and fictitious case law or other references that mislead the Court and waste time." SKC Standing Order for Civil Cases § C.2. Plaintiff's Opposition defies this Court's requirements and her obligations as a litigant.

In addition to dismissing the Complaint with prejudice for failure to state a claim, Chase respectfully submits that the Court should order Plaintiff to show cause why she should not be sanctioned under Rule 11 for submitting spurious legal authority. *See* Fed. R. Civ. P. 11; *see also Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2025 WL 1865282, at *8 (D. Colo. July 7, 2025) (imposing monetary Rule 11 sanctions for use of generative AI). Potential sanctions for the improper use of generative AI by pro se litigants "include, but are not limited to, monetary sanctions, the striking of filings, or dismissal of Plaintiff's action." *Y.S. v. Doe*, No. 25-cv-03129-DDD-KAS, 2025 WL 3228214, at *5 (D. Colo. Nov. 19, 2025).[2]

---

[2] Notably, the Complaint also contains signs that it was prepared with generative AI. In the Complaint, Plaintiff states: "Under *Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 807 (N.D. Cal. 2008), foreclosure-related communications may constitute debt collection activity subject to the FDCPA when they demand payment on a loan." [ECF 23] at 7. The *Reyes* case is authentic, but it contains no reference to foreclosures or foreclosure-related communications. Instead, it involves collection on credit card debt, and the pin-cited page discusses only whether a request for attorney's fees violated the FDCPA.

3

# ARGUMENT

In the Motion, Chase identified numerous grounds for dismissing all claims against it. Plaintiff's Opposition—which does not contain a single citation to the Complaint—fails to rebut Chase's arguments. For the most part, it does not even try.

First, Plaintiff's discussion of her claims under the Real Estate Settlement Procedures Act ("RESPA") and Fair Credit Reporting Act ("FCRA") disregards Chase's dispositive arguments, including with respect to the existence of a private right of action, whether Plaintiff adequately alleged a qualifying written request ("QWR") or damages, and whether Plaintiff has pleaded that Chase conducted an unreasonable investigation. Second, the Opposition recharacterizes Plaintiff's breach claim as relying on a "Deed of Trust" unmentioned in the Complaint, but a litigant "cannot amend her complaint by adding factual allegations in response to [a] motion to dismiss." *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015). Finally, Plaintiff omits any substantive discussion of her claims for "bad faith" and violation of the Fair Debt Collection Practices Act ("FDCPA") from the Opposition, thus abandoning those claims and conceding that Chase's arguments are well taken. *See Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *9 (10th Cir. June 26, 2023) (holding that "intentional relinquishment occurred" where litigant "responded to the motion to dismiss but ignored the bad-faith claim").

### 1. The Opposition Does Not Address the RESPA Claim's Deficiencies.

In its Motion, Chase argued that Plaintiff's RESPA claim fails because 12 U.S.C. § 2605 does not create a private right of action and because Plaintiff failed to

4

plausibly allege that she submitted a QWR, that she suffered damages, or that Chase conducted an unreasonable investigation for purposes of relief under 12 U.S.C. § 2609. [ECF 41] at 5–7. The Opposition fails to confront these pleading deficiencies.

The Opposition neither discusses the existence of a private right of action under § 2605, nor the extent to which the Complaint plausibly pleads that Plaintiff sent Chase a QWR, that Plaintiff suffered damages, or that Chase failed to conduct a reasonable investigation. [ECF 45] at 5–7. Plaintiff therefore concedes these arguments which, for the reasons stated in the Motion, mandate dismissal.

The Opposition's treatment of Plaintiff's RESPA claim is inapposite because it is neither grounded in the Complaint nor responsive to the dispositive arguments Chase raised in the Motion. *See id.* For example, the Opposition alludes to the violation of certain of the RESPA's implementing regulations, including 12 C.F.R. §§ 1024.17, 1024.35–1024.38. *Id.* at 5–6. However, these regulations go unmentioned in the Complaint. *See generally* [ECF 23]. Plaintiff cannot amend her Complaint through her Opposition. *See Abdulina*, 79 F. Supp. 3d at 1206. The RESPA claim that Plaintiff pleaded—the only RESPA claim properly before the Court—is defective for the unrebutted reasons outlined in Chase's Motion.

### 2. The Opposition Does Not Address the FCRA Claim's Deficiencies.

In moving to dismiss the FCRA claim, Chase argued that Plaintiff failed to specify in her Complaint which dispute with a credit reporting agency was at issue. [ECF 41] at 8. Chase also argued that Plaintiff failed to allege the subject of the

dispute and how Chase's investigation was allegedly unreasonable. *Id.* Again, the Opposition talks past Chase and addresses none of these critical pleading defects.

Plaintiff's Opposition does not specify the basis for her FCRA claim. *See* [ECF 45] at 7–8. For example, Plaintiff refers only in conclusory fashion to Chase's alleged "failure to conduct a reasonable investigation" without pointing to any specific allegations in the Complaint that plausibly suggest that Chase did not conduct a reasonable investigation. *Id.* at 8. Nor does Plaintiff clarify which dispute with a credit reporting agency she seeks to litigate. Her reference to "a new remark dated October 20, 2025"—over a month after the Complaint's filing—compounds the confusion. *Id.* Plaintiff's conclusory FCRA allegations cannot state a claim for the reasons outlined in the Motion, and the Opposition does not establish otherwise.

### 3. Plaintiff May Not Use the Opposition to Plead New Facts Supporting Her Breach of Contract Claim.

The Court should reject the Opposition's improper attempt to rewrite Plaintiff's breach of contract claim. In her Complaint, Plaintiff alleged just two facts in support of her breach claim: (1) "Plaintiff's mortgage was reinstated with Homeowner Assistance Funds and state support through Neighbor to Neighbor"; and (2) "Chase accepted these funds and confirmed reinstatement but subsequently reported Plaintiff as delinquent and demanded unauthorized charges." [ECF 23] at 6. Chase seeks dismissal on the ground that the Complaint "fails to identify the contract at issue, much less the contractual provision allegedly violated by Chase." [ECF 41] at 9. The Opposition does not rebut this argument or otherwise highlight any relevant allegations in the Complaint.

In her Opposition, Plaintiff instead contends that "Chase breached both the express and implied terms of the Deed of Trust by mismanaging Plaintiff's escrow account, inflating her monthly payment, and failing to correct acknowledged errors." [ECF 45] at 9 (emphasis added). However, Plaintiff cites to no allegations in the Complaint with respect to this supposed "Deed of Trust." None exist. The Complaint mentions no "Deed of Trust" whatsoever. *See generally* [ECF 23]. This supposed "Deed of Trust" also goes unmentioned in the balance of the Opposition.

On a motion to dismiss, the Court "must examine only the plaintiff's complaint," and "determine if the complaint alone is sufficient to state a claim." *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). Plaintiff "cannot amend her complaint by adding factual allegations in response to [a] motion to dismiss." *Abdulina*, 79 F. Supp. 3d at 1206; *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Here, the Complaint fails to allege the existence of a contract or the breach of any particular term by Chase. The "Deed of Trust" angle advanced in the Opposition is not grounded in the Complaint, so the breach claim fails.

### 4. Plaintiff Abandons the Bad Faith and FDCPA Claims.

In the Motion, Chase argued that "bad faith" is not an independent cause of action outside the insurance context. [ECF 41] at 10. Chase also argued that Plaintiff could not state a claim under the FDCPA because the Complaint "fails to identify the disputed escrow figures or sums that were not legally due," because Plaintiff

7

inadequately alleges why correspondence from Chase violated the FDCPA, and because Plaintiff relies on conclusory allegations, among other reasons. *Id.* at 10–12.

The Opposition ignores these claims wholesale, so Plaintiff has abandoned them. First, the Opposition does not assert the existence of any available cause of action against Chase for "bad faith"; indeed, the only mention of "bad faith" in the Opposition with respect to Chase occurs when Plaintiff describes Chase's supposed breach of contract. *See* [ECF 45] at 10. Second, the Opposition does not substantively respond to any of Chase's detailed FDCPA arguments or otherwise discuss the substance of any FDCPA claim. Other than in Plaintiff's Table of Authorities, the FDCPA is only mentioned twice in the entire Opposition: once in support of federal jurisdiction, and once in a catchall discussion of a "continuing violation under RESPA, FDCPA, and Colorado law" by Defendant Liberty Mutual Insurance Co. ("Liberty"). *Id.* at 5, 8–9. But the Opposition does not discuss any FDCPA claim against Chase.

Under these circumstances, Plaintiff has conceded Chase's arguments for dismissal in the Motion and abandoned her bad faith and FDCPA claims. *See C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (affirming district court's conclusion that plaintiff abandoned claim "by not addressing it in his response to Defendants' motion to dismiss"); *accord Poole v. Sw. Bell Tel. L.P.*, 86 F. App'x 372, 374 (10th Cir. 2003) (claims were "abandoned in the district court" where plaintiff "did not oppose" defendants' argument that they should be dismissed in plaintiff's response to motion to dismiss); *Baum v. Dunmire Prop. Mgmt., Inc.*, No. 21-cv-00964-CMA-NYW, 2022 WL 889097, at *7 (D. Colo. Mar. 25, 2022) ("[B]ecause Plaintiff

8

failed to respond to Defendant, the Court deems this claim as having been abandoned based on her failure to raise any arguments to save the claim from dismissal.").

The bad faith and FDCPA claims should be dismissed with prejudice as abandoned. *See Williams v. Intervention, Inc.*, No. 23-cv-01201-NYW-STV, 2024 WL 1088359, at *6 (D. Colo. Feb. 20, 2024) (claims abandoned for failure to address them in opposition to a motion to dismiss are dismissed with prejudice).

### 5. The Court Should Disregard Plaintiff's Discussion of Claims That Have Not Been Pleaded and Irrelevant Legal Issues.

The Opposition contains several arguments that have no relationship with the claims in the Complaint and/or the issues raised by Chase's Motion. For good reason, the law does not allow Plaintiff to amend her Complaint in opposing a motion to dismiss. *See Abdulina*, 79 F. Supp. 3d at 1206. The Court should ignore the following:

- The Opposition asserts that Chase "breached . . . the implied covenant of good faith and fair dealing." [ECF 45] at 9. However, Plaintiff pleads no claim for breach of the covenant of good faith and fear dealing. *See generally* [ECF 23].

- The Opposition references "conduct constitut[ing] conversion and deceptive trade practice," citing to both fake case law and real statutes. [ECF 45] at 9. However, the Complaint contains no claims for, or references to, either conversion or deceptive trade practices. *See generally* [ECF 23].

- The Opposition contends that Chase and Liberty have engaged in a pattern of "continuing violation[s]" that "tolls limitations and preserves jurisdiction," and that "[e]ach new act of misreporting, billing, or collection is a fresh infliction of harm rather than a single, time-barred occurrence." [ECF 45] at 10. However,

9

neither Chase nor Liberty has raised a statute of limitations argument or defense at this time. *See generally* [ECF 40]; [ECF 41].

- The Opposition argues that "dismissal would be premature" because "material facts remain in dispute." [ECF 45] at 4. However, that is the standard for summary judgment, not dismissal. *Compare* Fed. R. Civ. P. 12(b)(6), *with* Fed. R. Civ. P. 56(a). Moreover, Plaintiff premises this "dispute" on false quotations from Chase's briefing. According to the Opposition, "Chase's Motion to Dismiss . . . characterizes Plaintiff's claims as 'speculative' and asserts that 'no unauthorized escrow payment' occurred." [ECF 45] at 4. But Chase's Motion does not include the quoted language. *See generally* [ECF 41].

### 6. Plaintiff's Alternative Request for Leave to Amend Should be Denied.

Plaintiff concludes the substantive portion of her Opposition by requesting, in the alternative to dismissal, leave to further amend her pleading. [ECF 45] at 14. But Plaintiff has already filed numerous pleadings that repeat the same fundamental defects. Worse, she appears to have engaged in the undisclosed, unverified use of generative AI in defiance of her Rule 11 obligations. Leave to amend should be denied.

### **CONCLUSION**

WHEREFORE, Chase respectfully requests this Court: (1) grant Chase's Motion; (2) dismiss Plaintiff's Third Amended Complaint with prejudice as to Chase; (3) grant Chase its fees and costs, including attorney's fees; (4) order Plaintiff to show cause why she should not be sanctioned; and (5) enter such other and further relief as this Court deems just and proper.

Dated: November 25, 2025				Respectfully submitted,

*/s/ Harrison J. Meyers*
Ronald J. Tomassi, Jr., #50802
Harrison J. Meyers, #52653
**LEÓN COSGROVE JIMÉNEZ, LLP**
999 18th St., #1200S
Denver, Colorado 80202
Telephone: (720) 689-7749
Facsimile: (305) 351-4059
Email: rtomassi@leoncosgrove.com
Email: hmeyers@leoncosgrove.com
Email: rmartinez@leoncosgrove.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**CERTIFICATION RE: USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI) FOR DRAFTING**

I HEREBY CERTIFY that no portion of Defendant JPMorgan Chase Bank, N.A's Motion to Dismiss and Reply in Support thereof was drafted by artificial intelligence.

>*/s/ Harrison J. Meyers*
>Harrison J. Meyers

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 25, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF electronic filing system with a copy to be served upon co-defendant's counsel and plaintiff-*pro se* via email.

| | |
|---|---|
| Amanda Corrales<br>905 Moline St.<br>Aurora, CO 80010<br>Email: amandajadecorrales@me.com<br>Email: amanda@ajcorrales.com | Brian J. Spano, Esq.<br>Robin L. Bowers, Esq.<br>Holly C. White, Esq.<br>**Womble Bond and Dickinson LLP**<br>1601 19th Street, Suite 1000<br>Denver, CO 80202<br>Phone: 303.623.9000<br>Email: Brian.Spano@wbd-us.com |

*/s/ Raven Martinez*
Raven Martinez