# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.: 1:25-cv-02529-SKC-CYC

AMANDA CORRALES,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., and
LIBERTY MUTUAL INSURANCE CO.,

    Defendants.

---

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO STAY DISCOVERY AND INITIAL DISCLOSURES DEADLINE**

---

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through undersigned counsel, files this Motion to Stay Discovery and Initial Disclosures Deadline (the "Motion"). In support, Chase states as follows.

## D.C.COLO.LCivR 7.1(a) CERTIFICATION

On December 9, 2025, during the Rule 26 conference, Chase conferred with Plaintiff Amanda Corrales ("Plaintiff") and her limited appearance counsel on the Motion. Undersigned counsel discussed the need to resolve Chase's dispositive motion before proceeding with discovery, and Plaintiff indicated her opposition to the Motion. Plaintiff reiterated her opposition in the parties' scheduling-order correspondence.

## INTRODUCTION

Chase has moved to dismiss Plaintiff's meritless Third Amended Complaint (the "Complaint") and, in doing so, drawn the Court's attention to Plaintiff's reliance on nonexistent legal authority. *Cf. Billups v. Louisville Mun. Sch. Dist.*, No. 1:24-CV-74-SA-RP, 2025 WL 3691871, at *8 (N.D. Miss. Dec. 19, 2025) (noting that "all parties" should "assist in maintaining the integrity of the judicial process and . . . be diligent in flagging AI misuse," or else "the risk is too great that such errors will persist undetected, potentially leading to an outcome unsupported by law" (quotation omitted)). Specifically, Chase's October 22, 2025, Motion to Dismiss (the "Motion to Dismiss") explains why Plaintiff's RESPA, FCRA, contract, "bad faith," and FDCPA claims are all subject to dismissal with prejudice for failure to state a claim. *See* [ECF 41] at 5–12.

The Motion to Dismiss remains pending. So does Chase's request that this Court order Plaintiff to show cause why she should not be sanctioned. *See* [ECF 48] at 3, 10. Allowing Plaintiff to proceed with full-scale discovery under these circumstances will unfairly burden Chase while undermining the interests of the Court and the public. In contrast, a brief stay of discovery will not prejudice Plaintiff. Chase respectfully submits that this Court should exercise its discretion to stay discovery until Chase's Motion to Dismiss is decided.

## LEGAL STANDARD

Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), and Rule 1 instructs that the Federal Rules of Civil Procedure shall be construed and administered "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

An order staying discovery is an appropriate exercise of a court's discretion to manage its docket. Staying discovery in the District of Colorado depends on the five *String Cheese* factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

## ARGUMENT

The *String Cheese* factors favor staying discovery while the Motion to Dismiss, which would dispose of all claims against Chase if granted, remains pending. Plaintiff will not be prejudiced by a short delay to permit the Court to decide the Motion to

3

Dismiss. Meanwhile, Chase would be significantly burdened by discovery at this juncture, and a temporary stay is consistent with the interests of the Court, the public, and nonparties. *See, e.g.*, *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the court's] nor the parties' time is well-served by being involved in the struggle over the substance of the suit when, as here, a dispositive motion is pending." (quotation omitted)); *Blixseth v. Cushman & Wakefield of Colo., Inc.*, No. 12-cv-00393-PAB-KLM, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012) ("[I]t is unnecessary to accelerate discovery before potentially dispositive issues are decided.").

### A. Staying Discovery Will Not Prejudice Plaintiff.

A temporary stay of discovery will not prejudice Plaintiff for at least two reasons. First, the potential discovery material at issue would not disappear while the Court decides the Motion to Dismiss. Even if the Court denies all or part of Chase's Motion to Dismiss, Chase will be able to collect and produce the very same documents it could collect and produce today. Plaintiff will therefore not be prejudiced by a brief stay of discovery that allows the Court to first assess whether she can state a claim against Chase. *See, e.g.*, *Ashley v. Kellerman*, No. 25-cv-02673-PAB-SBP, 2025 WL 3170802, at *3 (D. Colo. Nov. 13, 2025) ("[A] temporary stay of discovery to allow the court to determine whether [plaintiff] may pursue this action at all does not unduly prejudice him and weighs in favor of a stay.").

4

Second, the Complaint largely seeks money damages, and Plaintiff has presented no time-sensitive request for equitable relief or other attempt to change the status quo. *See* [ECF 23]. Any delay will therefore not increase Plaintiff's alleged injuries. Conversely, the time it takes to decide the Motion to Dismiss will be inconsequential to the overall case schedule. *Cf. RCI Hosp. Holdings, Inc. v. City & Cnty. of Denver*, No. 25-cv-00747-GPG-KAS, 2025 WL 2061918, at *3 (D. Colo. July 22, 2025) (finding first *String Cheese* factor "neutral," notwithstanding plaintiffs' "general interest in expeditious litigation and proceeding with discovery," where plaintiffs could "articulate no prejudice they would incur if discovery is stayed").

### B. Discovery Would Significantly Burden Chase.

Considering the minimal burden a short delay would place on Plaintiff, it would be unreasonable to require Chase to proceed with expensive and burdensome discovery before the Court determines whether any part of the Complaint states a claim. *See String Cheese Incident, LLC*, 2006 WL 894955, at *2 ("[D]efendants . . . would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss."); *Ashley*, 2025 WL 3170802, at *3 ("Were some or all claims to be dismissed . . . discovery may be for naught. Thus, the disposition of the motion to dismiss may significantly narrow the scope of discovery, if not entirely eliminate the need for any discovery."). The Motion to Dismiss is meritorious in its entirety, but even a partial grant of relief would curtail the scope and burden of discovery by refining Plaintiff's claims for relief.

### C. A Stay Promotes the Interests of the Court, the Public, and Nonparties.

Starting with the interests of the Court, staying discovery until the Court decides the Motion to Dismiss will conserve the Court's time and ensure the efficient resolution of this action. *See Long v. Blue Shield of Cal.*, No. 24-cv-03352-PAB-CYC, 2025 WL 2711561, at *1 (D. Colo. Mar. 10, 2025) (quotation omitted) ("[A] stay of discovery in this case pending the Court's ruling on the motion to dismiss is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (quotation omitted)). For example, if discovery proceeds, Chase may have to contest individual discovery requests on the grounds of relevance, burden, and a host of other objections duplicative of, or resolved by, the Motion to Dismiss. In contrast, allowing the Court to effectively determine whether the Complaint states a claim against Chase in advance may avoid the need for myriad duplicative discovery disputes.

The "uncertainties" about the scope of this case suggest that Plaintiff's Complaint is not yet "ready for discovery." *See Advanced Exterior, Inc. v. Liberty Mut. Grp., Inc.*, 568 F. Supp. 3d 1144, 1147 (D. Colo. 2021). A brief pause in discovery now may therefore expedite discovery in the long run. *See Zubrod v. Burris Co., Inc.*, No. 14-cv-01456-PAB-KLM, 2015 WL 900978, at *2 (D. Colo. Feb. 27, 2015) ("With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *see also Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019) (recognizing that,

6

where a pending motion to dismiss may fully resolve the case, "a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal").

Turning to the public interest, "the general public's primary interest in this case is an efficient and just resolution." *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). "[B]ut there is also a strong public policy in avoiding unnecessary expenditures of public and private resources on litigation." *RCI Hosp. Holdings, Inc.*, 2025 WL 2061918, at *4 (quotation omitted). A stay will promote the public interest in proceeding expeditiously and conserving public and private resources. *See Carey v. Alexander*, No. 25-cv-01304-PAB-CYC, 2025 WL 3484741, at *2 (D. Colo. Dec. 4, 2025) ("[A] stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety."); *see also Ashley*, 2025 WL 3170802, at *4 (noting that the public interest "will not be facilitated by this court's diverting limited resources to the management of possibly unnecessary discovery disputes in a matter that portends the need for significant court involvement—as presaged by the significant number of filings already submitted at this early stage of the case").

Finally, this dispute is limited to the named parties such that no nonparty interests weigh against a stay. *See, e.g.*, *Carey*, 2025 WL 3484741, at *2 ("[R]egarding the interests of third parties, as there are no non-parties with significant,

7

particularized interests in this case, this factor is neutral."). Accordingly, the *String Cheese* factors warrant a temporary stay of discovery and the deadline for initial disclosures until the Court decides Chase's Motion to Dismiss.

## CONCLUSION

WHEREFORE, Chase respectfully requests that this Court: (1) grant Chase's Motion; (2) stay discovery and the deadline for initial disclosures pending the Court's decision on Chase's Motion to Dismiss; and (3) enter such other and further relief as this Court deems just and proper.

Dated: December 29, 2025

Respectfully submitted,

*/s/ Harrison J. Meyers*
Ronald J. Tomassi, Jr., #50802
Harrison J. Meyers, #52653
**LEÓN COSGROVE JIMÉNEZ, LLP**
999 18th St., #1200S
Denver, Colorado 80202
Telephone: (720) 689-7749
Facsimile: (305) 351-4059
Email: rtomassi@leoncosgrove.com
Email: hmeyers@leoncosgrove.com
Email: rmartinez@leoncosgrove.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

8

## CERTIFICATION RE: USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI) FOR DRAFTING

I HEREBY CERTIFY that no portion of Defendant JPMorgan Chase Bank, N.A's Motion to Stay Discovery and Initial Disclosures Deadline was drafted by artificial intelligence.

*/s/ Harrison J. Meyers*
Harrison J. Meyers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF electronic filing system with a copy to be served upon co-defendant's counsel and plaintiff-*pro se* via email.

| | |
|---|---|
| Jim Fogg<br>**Haddon Morgan Foreman**<br>945 N. Pennsylvania Street<br>Denver, Colorado 80203<br>Email: jfogg@hmflaw.com<br><br>Amanda Corrales<br>905 Moline St.<br>Aurora, CO 80010<br>Email: amandajadecorrales@me.com<br>Email: amanda@ajcorrales.com | Brian J. Spano, Esq.<br>Robin L. Bowers, Esq.<br>Holly C. White, Esq.<br>**Womble Bond and Dickinson LLP**<br>1601 19th Street, Suite 1000<br>Denver, CO 80202<br>Phone: 303.623.9000<br>Email: Brian.Spano@wbd-us.com |

*/s/ Raven Martinez*
Raven Martinez

10